UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CLARENCE HOLSTON, | No. 2:19-cv-0795 KJN P |
| Plaintiff, | |
| v. | ORDER |
| DEPUTY JAMES HART, et al., | |
| Defendants. | |

Plaintiff is a county jail inmate, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff alleges that on October 18 he got into a fight with his dad, and during the scuffle three bystanders got involved, one of whom pepper sprayed plaintiff, and the other two kicked and punched plaintiff. Following this incident, plaintiff and his dad were taken to the hospital. Plaintiff alleges that he was never read his Miranda rights and was secretly being recorded by defendant Officer James Hart. Plaintiff claims that at the hospital he was dizzy and wasn't aware of his surroundings, and the officer suggested plaintiff had a concussion. As injuries, plaintiff claims he lost his freedom, and suffered physical injuries during his arrest. As relief, plaintiff seeks "declaratory" and "peremptory." (ECF No. 1 at 6.)

Plaintiff fails to identify any actions on the part of defendant Hart that would state a cognizable civil rights claim. To the extent plaintiff claims defendant Hart conducted an illegal investigation or violated plaintiff's Miranda rights during his arrest, plaintiff should raise such claims in his pending criminal case.[1] If plaintiff believes that defendant Hart used excessive force during the arrest, plaintiff must set forth specific facts that meet the standards described below.

Section 1983 claims arising from allegedly excessive force during the "arrest, investigatory stop, or other 'seizure' of a free citizen" are governed by the Fourth Amendment. Id. at 395. Pretrial detainees are protected from excessive force by the 14th Amendment's guarantee of substantive due process. See id. at 395 n.10; see also Bell v. Wolfish, 441 U.S. 520,

---

[1] Plaintiff is advised that the Younger Abstention Doctrine prohibits federal courts from staying or enjoining pending state criminal court proceedings or "considering a pre-conviction habeas petition that seeks preemptively to litigate an affirmative constitutional defense unless the petitioner can demonstrate that extraordinary circumstances warrant federal intervention." Brown v. Ahern, 676 F.3d 899, 901 (9th Cir. 2012) (internal quotation marks omitted); see Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746 (1971). Younger abstention is appropriate when: (1) the state court proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise the constitutional claims. Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Baffert v. Cal. Horse Racing Bd., 332 F.3d 613, 617 (9th Cir. 2003).

535 (1979). Under the Fourth Amendment, the officer's actions must be "'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Id. at 397 (citation omitted); see also Byrd v. Phoenix Police Department, 885 F.3d 639, 642 (9th Cir. 2018). Under the Fourteenth Amendment, a plaintiff must show that the force used was objectively unreasonable under the circumstances and that it was not "rationally related to a legitimate nonpunitive governmental purpose" or was "excessive in relation to that purpose." Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473 (2015) (citing Bell, 441 U.S. at 561).

In the instant complaint, plaintiff includes no facts demonstrating that defendant Hart used force during the arrest. Rather, plaintiff's allegations suggest he sustained injuries during a fight with his father and three bystanders.

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988). Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266,

4

268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Sheriff of Sacramento County filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

////
////
////
////

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: May 16, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/hols0795.14n

| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| FOR THE EASTERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| JAMES CLARENCE HOLSTON,<br><br>  Plaintiff,<br><br>  v.<br><br>DEPUTY JAMES HART, et al.,<br><br>  Defendants. | No. 2:19-cv-0795 KJN P<br><br>NOTICE OF AMENDMENT |

Plaintiff hereby submits the following document in compliance with the court's order filed_____.

DATED: _____    Amended Complaint


                                    _____
                                    Plaintiff